PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his vehicle struck several pieces of steel rebar while his father was driving the vehicle on the Chestnut Street exit ramp from U.S. Route 50 in Harrison County. The Chestnut Street exit ramp is a road maintained by respondent in Harrison County. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to tin's claim occurred between 7:30 a.m. and 8:00 a.m. on February 3, 2004, a snowy morning. Claimant’s father, John H. Bland, was driving claimant’s 1994 Ford Explorer on the Chestnut Street exit from U.S. Route 50. The exit ramp is a two-lane bridge at the area of the incident involved in this claim. John H. Bland testified that he was traveling at approximately twenty-five miles per hour on the exit ramp. As he drove over a pile of snow, the vehicle struck several pieces of steel rebar which were protruding approximately fourteen inches out of the concrete bridge deck but were concealed by the snow. Claimant’s vehicle sustained damage to the four wheel chive axle and the transmission. The damages were estimated at $1,002.43.
The position of the respondent is that it did not have actual or constructive notice of the condition on the Chestnut Street exit from U.S. Route 50 at the site of the claimant’s accident for the date in question.
John Barberio, Highway Administrator for the respondent in Harrison County, testified that he first received notice of the steel rebar protruding from the Chestnut Street exit between 10:00 a.m. and 10:30 a.m. He further stated that he immediately called the bridge department, as that department is responsible for maintenance of the bridge involved herein. Respondent presented no witness from the bridge department to testify. Respondent maintains that it had no actual or constmctive notice of any rebar protruding from the Chestnut Street exit from U.S. Route 50.
The well-established principle of law in W est Virginia is that the state is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept, of Highways, 16 Ct. Cl. 103 (1986). The Court has also previously held respondent liable for negligence related to rebar protruding from the Chestnut Street exit from U.S. Route 50. See Anderson vs. Div. of Highways, 21 Ct. Cl. 131 (1996).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the steel rebar which claimant’s vehicle struck, due to the fact that *187 several pieces of rebar were sticking out of the concrete about fourteen inches high, and that the rebar presented a hazard to the traveling public. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $1,002.43.
Award of $1,002.43.